LUTHAN POTTER & others *vs* JAMES S. HAZARD & wife.

Commissioners appointed by the judge of probate to make partition of the real estate of a deceased person may, if they acted faithfully and impartially, recover full compensation for their services and expenses by an action against the petitioners for partition, although in making such partition they innocently departed from and acted in violation of the directions of the warrant under which they acted, and their report of their proceedings was not accepted and partition was not made, and their charges and expenses were not ascertained or allowed by the judge of probate.

In such action evidence that the commissioners acted under the advice of the defendants' counsel, the defendants being present on some occasions when such advice was given, is competent for the purpose of showing their fidelity and impartiality.

If proceedings for the partition of the estate of a deceased person have been lawfully commenced in the probate court, and that court has assumed jurisdiction and issued a warrant to commissioners to make partition, the shares or proportions of the respective parties not being in dispute nor appearing to be uncertain, that court may retain its jurisdiction, although subsequently the shares or proportions of the respective parties do appear to be uncertain.

CONTRACT brought by commissioners appointed by the judge of probate to make partition of the real estate of Otis Little, deceased, to recover the amount of their fees for services in making the partition, and of money paid for the assistance of surveyors.

At the trial in the superior court, before *Brigham,* J., the following facts appeared: Otis Little died in 1839, leaving real and personal estate, and a will which contained the following provisions, of which a construction was given by this court in *Hazard* v. *Little,* 9 Allen, 260:

" I give to my wife Lucy Little the use and improvement of all my real and personal estate during the time or term she remains my widow, upon condition that she support and educate my minor children in such manner as I have heretofore supported and educated them, and, when my youngest child arrives at the age of twenty-one years, then two thirds of my real and personal estate to be equally divided among all my children, and in case of their decease to their children, meaning for them to have their deceased parents' share in my estate ; the other third to be and remain for the support of my said widow."

" I give my said widow the privilege of cutting fifty cords of wood yearly, during the time she remains my widow, in addition

to firewood, to purchase necessaries, pay taxes and other neces-saries for the family."

Little left a widow and eleven children, of whom the female defendant is one; and the defendants afterwards filed a petition for partition of the real estate, upon which a warrant was issued to the plaintiffs in May 1862 appointing them commissioners to make such partition, namely, one third to the widow and two thirty-third parts to each of the children. The report of the plaintiffs showed that, after setting off one third part of the real estate to the widow, they designated and set out a certain piece of woodland " to furnish her with the means of cutting and supplying herself with fifty cords of wood yearly, in addition to firewood, as provided in the will of Otis Little," and assigned and set off to her "all the title, interest and estate in said premises that are necessary for carrying into effect said privilege and the enjoyment thereof." The residue of the real estate was divided among the children. In May 1863 the judge of probate decreed that this report be not accepted and that partition be not made, " it being made to appear that the shares or proportions of some of the parties are uncertain, depending upon the construction or effect of a devise and upon other questions which seem proper for the consideration of a court of law."

Evidence was introduced on both sides as to the fairness and impartiality of the plaintiffs; and the plaintiffs were allowed under objection, to testify that in making the division they acted under the advice and direction of the counsel of the defendants in procuring the warrant for partition, the defendants being pres ent on some of the occasions when such advice and direction were given.

The defendants requested the court to instruct the jury that the plaintiffs were not entitled to recover unless they had com-plied with the orders and directions of the warrant, and unless the charges and expenses had been previously ascertained and allowed by the probate court; that, if liable at all, the defend-ants were only liable for two thirty-third parts of the charges and expenses; that if by reason of the non-compliance of the commissioners with the orders and directions of the warrant

Potter & others *v.* Hazard & wife.

their services had turned out to be abortive and of no value to the defendants, then they were not entitled to recover; and that it was not competent for the judge of probate at that stage of the proceedings to pass the order made by him, but only to set aside the report, and commit it anew to the same or other commissioners. But the judge refused so to instruct the jury, and instructed them as follows : " The plaintiffs may, if they have faithfully and impartially performed their functions under the warrant directed to them by the probate court, (and upon this question their report is not conclusive, although it shows that their acts exceeded the acts directed by the warrant, as is claimed by the defendants,) recover for their services one dollar per day and four cents a mile for their travel out and home; and also may recover any expenses incurred by them for a survey of the premises which were to be the subject of their partition, if such a survey was necessary for an intelligent and impartial partition ; and the plaintiffs may thus recover notwithstanding there was no judgment in the probate court upon their proceedings under said warrant that the partition made by them should be firm and effectual forever, and notwithstanding their charges and expenses were not before the bringing of this action ascertained and allowed by the probate court."

The jury returned a verdict for the plaintiffs accordingly, and the defendants alleged exceptions.

*E. Ames,* for the defendants. If there is no controversy in reference to the partition of the estate of a deceased person up to the time of the issuing of the warrant by the judge of probate for partition, he must decide controversies subsequently arising, and cannot dismiss the petition under Gen. Sts. *c.* 136, § 60. And on the coming in of the commissioners' report, he cannot go back and change or reverse his original decision that partition be made. In this case the directions of the warrant were plain ; and there was no cause for the ultimate dismissal of the proceedings except that the commissioners had violated these directions. The instructions requested should have been given to the jury. By accepting the office and duties of commissioners, the plaintiffs by necessary implication promised to obey the

directions of the warrant. This suit is evidence that they served under a promise to pay. But when a person, for payment, promises to do certain work according to plain and unmistakable directions, and does not comply with those directions, and thereby his service proves valueless, he cannot recover. If the plaintiffs had observed these directions their doings would have been confirmed, and the plaintiffs would only have had to pay two thirty-third parts of the expenses; but, by reason of their failing to observe the directions, the judge of probate could not confirm their report and order the costs to be paid by all the parties. It is a contradiction in terms to say that the plaintiffs acted faithfully, when they acted in direct violation of plain directions.

*T. M. Stetson*, for the plaintiffs.

COLT, J. The plaintiffs upon the petition of the defendants were appointed by the probate court commissioners to make partition of the real estate of which Otis Little died seized, among his devisees. In this early stage of the proceedings the court assumed jurisdiction, undoubtedly regarding it as a case in which the shares or proportions of the parties interested were not in dispute or uncertain, and issued a warrant setting forth the names of the parties and the fractional portion to be assigned to each.

It is found that the plaintiffs as commissioners employed a surveyor whose services were necessary for the intelligent and impartial partition of the estate, and that they acted faithfully and impartially in the discharge of their duties, and made return of their doings. But their report did not follow the warrant, and made partition in a mode not authorized by and in direct violation of its requirements. The plaintiffs now seek to recover for their services and for the expenses incurred by them.

It would seem that after the warrant was issued and put into the hands of the commissioners doubts arose as to the construction of the will under which the parties interested claimed title to the premises, and that the plaintiffs, taking the advice of the counsel of the defendants, made partition as reported. Upon the presentation of the report in court for confirmation, the judge, regarding the questions raised as proper for the consideration

of a court of law, entered a decree in the case in which, after reciting that it had been made to appear to him that the shares or proportions of some of the parties were uncertain, depending upon the construction or effect of a devise, he decreed that the " report be not accepted and that partition be not made."

By Gen. Sts. *c.* 136, § 60, it is provided that no partition shall be made by the probate court when the shares are in dispute or " appear to the judge to be uncertain ; " and the final decree in this case was founded on this provision, as its recital shows. And though it would seem that the probate court, having once necessarily passed on the question of jurisdiction in issuing the warrant, could not at a subsequent stage of the case revise its adjudication; Gen. Sts. *c.* 136, § 70 ; yet, as no appeal was taken, the effect of the decree was to render void and useless all the proceedings to that time had upon the defendants' petition.

By § 74 of the same chapter it is provided that in all cases of partition the court may for any sufficient reason set aside the return of the commissioners, and commit the case anew to the same or other commissioners; affording in all cases an opportunity to parties interested to obtain a correction of informalities or substantial errors in the return. If the proceedings in this case had not been abruptly terminated by the decree dismissing the whole matter, the defendants under this provision might have obtained from the plaintiffs a correction of their return, and made it useful and available; but no effort in this direction was made, and all parties seem quietly to have acquiesced in the decree.

The principal objection made by the defendants to the right of the plaintiffs to recover, and upon which they asked the instruction of the court, was, " that by reason of the non-compliance of the commissioners with the directions of the warrant, their services turned out to be abortive and of no value to the defendants." If the facts were as claimed by the defendants, we should hesitate to decide that the plaintiffs were entitled to no compensation for services faithfully and impartially rendered at the defendants' request. We are referred to no decision directly or.

by analogy sustaining this position. In the practice of all the . courts it is found necessary, in order that the rights of parties may be understood and intelligently passed upon, to call in·aid the services of those who act under the authority of the court in the capacity of commissioners, auditors, referees, and the like, and proceed to investigate and determine important and often complicated matters, without the immediate supervision of the court, and whose doings can only be controlled and corrected when return thereof is made for confirmation. To hold all this class of officers entitled to no compensation for their services because, though faithful and impartial, they have not complied with the terms of the commission, warrant, rule or other author-ity under which they acted, would be to cause a forfeiture of such services rendered at the request of others for errors and misconstructions, to which in cases of difficulty in matters of this description all men would be innocently liable.

But it is not necessary as this case presents itself ·to come to any such decision, for although the return of the commissioners appears to be fatally defective, yet the failure of the proceedings is attributable to the final decree dismissing the whole for want of jurisdiction, rather than to the error of the plaintiffs.

The services of the plaintiffs would have been of no value to the defendants, if there had been no error in their proceedings. The decree of the court made them useless. The facts therefore do not sustain the defendants in asking the instructions requested on this point.

The defendants further contended that the plaintiffs were not entitled to recover unless their charges and expenses had been previously allowed by the court under § 59 of the same chapter, which provides that they shall be ascertained and allowed by the court, and paid by the parties interested in proportion to their shares or interests in the premises. But we think it plain that this provision does not affect the claim of commissioners upon the parties employing them for compensation. It is a provision for the benefit of petitioners who have paid for these services, and who are entitled to contribution from all the other parties in interest. The commissioners cannot be compelled to

take their pay in fractions from the several parties. It is provided in the same section that execution may be issued against any party who fails to pay his share. Such execution can issue only in the name of a party to the proceedings who has advanced these expenses, and not in the name of the commissioners, who are in no sense parties in court, and have no right to a hearing. In the practice of our courts, referees, auditors, commissioners and others performing similar services are paid by the party employing them upon the completion and usually before the return of their doings into court; the party making such payment looking for reimbursement to those who on the termination of the suit or other proceeding may be held liable to pay.

The defendants asked the court to rule that they were liable for only two thirty-third parts of these charges and expenses. This would have been the extent of their ultimate liability if the proceedings had been carried to completion, and the other parties had contributed according to the provisions of the statute. But the fact is overlooked that this is an action of contract by the plaintiffs to recover of those by whom they were employed for services rendered at their request. Contribution from the other parties as above suggested could only be obtained by the defendants after payment and allowance by the court, and, if necessary, execution issued in their favor against those who failed to pay.

The testimony of the plaintiffs that they acted under the advice and direction of the defendants' counsel, the defendants being present on some of the occasions when such advice and direction were given, was competent upon the question of the fidelity and impartiality of the plaintiffs' conduct.

There was no error, therefore, in the refusal to give the instructions asked; and it follows that the instructions given which authorized the jury to find a verdict for the statute compensation for such services and the expenses incurred for survey were correct.                    *Exceptions overruled.*